TROY LAW, PLLC
John Troy (JT 0481)
41-25 Kissena Boulevard, Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x

Tingyao Lin,
*on behalf of himself and others similarly situated*

                              Plaintiff,

                  v.

Yuri Sushi, Inc.
     d/b/a Yuri Sushi,
Sophia Lian, and
Ling Tao Lian,

                       Defendants.

-----------------------------------------------------------------x

**Case No. 18-cv-00528**

**29 U.S.C. § 216(b) COLLECTIVE ACTION AND FED. R. CIV. P. 23 CLASS ACTION**

**COMPLAINT**

      Plaintiff Tingyao Lin (hereinafter referred to as "Plaintiff"), on behalf of himself and others similarly situated, by and through his attorneys, Troy Law, PLLC, hereby brings this complaint against Defendants Yuri Sushi, Inc. d/b/a Yuri Sushi, Sophia Lian, and Ling Tao Lian (hereinafter referred to as "Defendants").

<u>**INTRODUCTION**</u>

1.     This action is brought by Plaintiff, on behalf of himself as well as other similarly situated employees against Defendants for violations of the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201 *et seq.* and of the New York Labor Law ("NYLL") and implementing New York Codes, Rules, and Regulations ("NYCRR"), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.     Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA, NYLL, and NYCRR by engaging in a pattern and practice of

failing to pay their employees, including Plaintiff, minimum wage for each hour worked, overtime for all hours worked in excess of forty (40) in each workweek, and spread-of-hours for all hours worked in excess of ten (10) in each workday.

3.      Defendants willfully failed to record all of the time that Plaintiff and similarly situated employees work or worked, including time worked in excess of forty (40) hours per week and ten (10) hours per day.

4.      Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid wages, including unpaid minimum wages, (2) unpaid overtime, (3) liquidated damages; (4) prejudgment and post-judgment interest; and/or (5) attorneys' fees and costs.

5.      Plaintiff further alleges pursuant to the NYLL § 650 *et seq.* and 12 NYCRR § 146 that he is entitled to recover from the Defendants: (1) unpaid wages, including unpaid minimum wages, (2) unpaid overtime, (3) unpaid spread-of-hours; (4) liquidated damages equal to one hundred percent (100%) of the sum of unpaid wages, unpaid overtime, and unpaid spread-of-hours under the New York Wage Theft Prevention Act 2009 N.Y. S.N. 8380, (5) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (6) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day (7) nine percent (9%) simple prejudgment interest as provided by the New York Civil Practice Law and Rules ("CPLR") N.Y.C.P.L.R. § 5004, (8) post-judgment interest, and (9) attorneys' fees and costs.

6.      Plaintiff further alleges that Defendants breached implied contract by failing to reimburse

Plaintiff for expenses paid for the purchase, repair, utilization and maintenance of delivery vehicles and the purchase, utilization and maintenance of others requisite tools of the trade.

## JURISDICTION AND VENUE

7.      This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

8.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

**PLAINTIFF**

9.      Plaintiff Tingyao Lin was employed by Defendants at Yuri Sushi, located at 374 W 46th Street, New York, NY 10036, as a deliveryman.

**DEFENDANTS**

***Corporate Defendant***

10.      Defendant Yuri Sushi, Inc. d/b/a Yuri Sushi is a domestic business corporation organized under the laws of the State of New York with a principal address at 374 W 46th Street, New York, NY 10036.

11.      Yuri Sushi, Inc. d/b/a Yuri Sushi is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000.00) per year.

12.      Yuri Sushi, Inc. d/b/a Yuri Sushi purchased and handled goods moved in interstate commerce.

*Individual Defendants*

13.     The Individual Defendants are officers, directors, managers, and/or majority shareholders or owners of the Corporate Defendant and being among the ten largest corporate shareholders are individually responsible for unpaid wages under the New York Business Corporation Law ("NYBSC") § 630(a).

14.     Sophia Lian, known as "Lady Boss" to Plaintiff, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules and conditions of employment, (3) determined employee rates and methods of payment, and (4) maintained employee records at Yuri Sushi, Inc. d/b/a Yuri Sushi.

15.     Sophia Lian is an owner and officer of Yuri Sushi, Inc. d/b/a Yuri Sushi and actually hired employees of Yuri Sushi, Inc. d/b/a Yuri Sushi, including a chef named Lin.

16.     Sophia Lian acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d), and regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as NYLL § 2, and regulations promulgated thereunder, and is jointly and severally liable with Yuri Sushi, Inc. d/b/a Yuri Sushi.

17.     Ling Tao Lian (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules and conditions of employment, (3) determined employee rates and methods of payment, and (4) maintained employee records at Yuri Sushi, Inc. d/b/a Yuri Sushi.

18.     Ling Tao Lian is an owner and officer of Yuri Sushi, Inc. d/b/a Yuri Sushi, and the brother of Sophia Lian.

19.     Ling Tao Lian acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d), and regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as NYLL § 2, and regulations promulgated thereunder, and is jointly and severally liable with Yuri Sushi, Inc. d/b/a Yuri Sushi.

20.     Plaintiff has fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

## STATEMENT OF FACTS

**DEFENDANTS COMMITTED THE FOLLOWING ALLEGED ACTS KNOWINGLY, INTENTIONALLY, AND WILLFULLY AGAINST THE PLAINTIFF, THE FLSA COLLECTIVE, AND THE CLASS**

21.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees at least the New York minimum wage for each hour worked.

22.     While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

23.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees their lawful overtime of one and one-half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

24.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees their lawful spread of hours for workdays that began and ended ten (10) hours apart.

25.     At all relevant times, Defendants knowingly and willfully failed to keep full and accurate records of Plaintiff's hours worked and wages paid.

26.     Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for wage violations.

27.     At all relevant times, Defendants knowingly and willfully failed to furnish Plaintiffs and similarly situated employees notice that they were claiming tip credit towards Plaintiffs' and similarly situated employees' minimum wage.

28.     At all relevant times, Defendants knowingly and willfully failed to provide Plaintiff and similarly situated employees with Time of Hire Notices in their primary languages reflecting

rates of pay and payday as well as paystubs that listed the employee's name, the employer's name, the employer's address and telephone number, the employee's rate or rates of pay, any deductions made from employees' wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

29.     At all relevant times, Defendants knowingly and willfully failed to provide Plaintiff and similarly situated employees with statements every payday that accurately listed all of the following: the dates of work covered by that payment of wages;  the employee's name; the name of the employer;  the address and phone number of the employer;  the employee's rate or rates of pay and basis thereof; the employee's gross wages;   the employee's deductions;  allowances, if any, claimed as part of the minimum wage;  net wages; the employee's regular hourly rate or rates of pay; the employee's overtime rate or rates of pay;   the employee's number of regular hours worked, and the employee's number of overtime hours worked.

30.     Pursuant to 12 NYCRR § 146-2.2 and 29 U.S.C. § 203(m), an employer cannot take credit towards the basic minimum wage if a service employee or food service worker has not received notification of tip credit.

31.     Defendants knew that the nonpayment of wages for all hours worked and the nonpayment of wages at one and one-half time (1.5x) employees' regular rates would financially injure Plaintiff and similarly situated employees, and violate state and federal laws.

32.     At all relevant times, Defendants failed to post all the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, and pay day.

**PLAINTIFF TINGYAO LIN**

33.     From on or about May 1, 2015 to December 31, 2017, Plaintiff Lin worked for Defendants at Yuri Sushi, located at 374 W 46th Street, New York, NY 10036, as a deliveryman.

34.     At the time he was hired, Plaintiff Lin was not given a written notice in his primary language (Chinese) regarding all of the following items: his rate or rates of pay and basis thereof; allowances claimed as part of the minimum wage; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical and mailing addresses of the employer's main office or principal place of business; and the telephone number of the employer.

35.     Plaintiff Lin's duties as a deliveryman included delivering Japanese food to customers at their locations outside the restaurant.

36.     From on or about May 1, 2015 to June 15, 2017, Plaintiff Lin's regular work schedule ran from 11:00 to 23:30, twelve and one half (12.5) hours per day, six (6) days per week, with Tuesdays off.

37.     From on or about June 16, 2017 to September 30, 2017, Plaintiff Lin's regular work schedule ran:

    a.     From 11:00 to 23:30, twelve and one half (12.5) hours per day, two (2) days per week, and

    b.     From 11:30 to 23:30, twelve (12) hours per day, two (2) or three (3) days per week, depending on the week.

38.     From on or about October 1, 2017 to November 30, 2017, Plaintiff Lin's regular work schedule ran from 11:30 to 23:30, twelve (12) hours per day, five (5) days per week.

39.     From on or about December 1, 2017 to December 31, 2017, Plaintiff Lin's regular work schedule ran:

    a.     From 11:00 to 23:30, twelve and one half (12.5) hours per day, three (3) days per week, and

b.      From 11:30 to 22:30, twelve (12) hours per day, three (3) days per week.

40.     Throughout his employment, Plaintiff Lin was afforded no rest breaks during the working day.

41.     Throughout his employment, Plaintiff Lin took two five-minute meal breaks each working day, during which he could be called to make a delivery if an order came in.

42.     From on or about May 1, 2015 to June 15, 2017, Plaintiff Lin worked approximately 75 hours per week.

43.     From on or about June 16, 2017 to September 30, 2017, Plaintiff Lin worked approximately 49 hours per 4-day week, and 61 hours per 5-day week, or on average 55 hours per week.

44.     From on or about October 1, 2017 to November 30, 2017, Plaintiff Lin worked approximately 60 hours per week.

45.     From on or about December 1, 2017 to December 31, 2017, Plaintiff Lin worked approximately 73.5 hours per week.

46.     During the course of his employment, Defendants willfully failed to keep records of Plaintiff Lin's hours worked.

47.     At all relevant times, Plaintiff Lin was not paid for all hours worked.

48.     Instead, Plaintiff Lin was paid at a flat rate of fifty dollars ($50.00) per day worked in a month, on the first day of each new month.

49.     Throughout his employment, Defendants failed to provide Plaintiff Lin with statements every payday that accurately listed all of the following: the dates of work covered by that payment of wages;  his name; the name of the employer;  the address and phone number of the employer;  his rate or rates of pay and basis thereof; his  gross wages;  his deductions;

allowances, if any, claimed as part of the minimum wage; net wages; his regular hourly rate or rates of pay; his overtime rate or rates of pay; his number of regular hours worked, and his number of overtime hours worked.

50.    At no time during Plaintiff Lin's employment did Defendants inform him that they were taking a tip credit towards the minimum wage.

51.    In addition to delivering food, Plaintiff Lin was required to perform non-tipped side work including making wasabi, preparing ginger, and cutting paper board for delivery cartons. Plaintiff Lin spent more than 2 hours each day performing non-tipped side work.

52.    Plaintiff Lin's time performing non-tipped side work was not recorded separately from his time making deliveries.

53.    Employers may only take tip credit against hours worked by an employee performing tipped work.

54.    Plaintiff Lin was not paid overtime for hours worked above forty (40) in any given workweek.

55.    Plaintiff Lin was not paid spread of hours for workdays that began and ended ten (10) hours apart.

56.    Upon information and belief, throughout Plaintiff WU's employment, there were two (2) other deliverymen employed at Yuri Sushi, located at 374 W 46th Street, New York, NY 10036.

57.    In order to perform his duties as a deliveryman for the Defendants' benefit, Plaintiff Lin was required to purchase an electric bicycle for $1400.00.

58.    Additionally, Plaintiff Lin was required to replace a stolen battery for his electric bicycle at a cost of $450.00.

59.    Plaintiff Lin spent his own money to purchase and maintain his delivery electric bicycle.

60.    Defendants willfully failed to reimburse Plaintiff Lin for the purchase and maintenance of the vehicle.

## COLLECTIVE ACTION ALLEGATIONS

61.    Plaintiff bring this action individually and on behalf of all other current and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and who were not compensated at least the hourly minimum wage and/or overtime for all hours worked in excess of forty (40) per week (the "Collective Action Members.")

## CLASS ACTION ALLEGATIONS

62.    Plaintiff brings his NYLL claims pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

63.    All said persons, including Plaintiff, are referred to herein as the "Class."

64.    The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Fed. R. Civ. P. 23.

### *Numerosity*

65.    The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise

number of such persons is unknown, and the facts on which the calculation of the number can be based are presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the Class.

***Commonality***

66.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

 a. Whether Defendant employed Plaintiff and the Class members within the meaning of the NYLL;

 b. Whether Plaintiff and the Class members were entitled to and paid minimum wage under the NYLL;

 c. Whether Plaintiff and the Class members were entitled to and paid overtime under the NYLL;

 d. Whether Plaintiff and the Class members were entitled to and paid spread-of-hours pay under the NYLL and NYCRR;

 e. Whether Defendants maintained a policy, pattern, and/or practice of failing to provide statutory meal periods;

 f. Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiff's and the Class members' employment, or timely thereafter;

 g. Whether Defendants provided paystubs detailing the rates of pay and credits taken toward the minimum wage to Plaintiff and the Class members each payday; and

 h. At what common rate, or rates subject to a common method of calculation were and are Defendants required to pay the Class members for their work.

*Typicality*

67.    Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate policies of Defendants, as alleged herein, of failing to pay minimum wage and/or overtime. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

*Adequacy*

68.    Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in representing Plaintiff in both class action and wage-and-hour employment litigation cases.

*Superiority*

69.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy, particularly in the context of wage-and-hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to class action analysis, the expenses and burden of individual

litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common class-wide relief. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

70.     Defendants and other employers throughout the state of New York violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I.
**[Violations of the Fair Labor Standards Act—Nonpayment of Minimum Wage Brought on behalf of the Plaintiff and the FLSA Collective]**

71.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

72.     At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, and the similarly-situated Collective Action Members, for some or all of the hours they worked.

73.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional amount as liquidated damages.

74.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and the Collective Action Members at the statutory minimum wage when they knew or should have known that such was due and that failing to do so would financially injure Plaintiff and the Collective Action Members.

**COUNT II.**
**[Violations of the New York Labor Law—Nonpayment of Minimum Wage**
**Brought on behalf of the Plaintiff and the Rule 23 Class]**

75.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

76.     At all relevant times, Plaintiff was employed by Defendants within the meaning of NYLL N.Y. C.L.S. Labor §§ 2 and 651.

77.     At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff and the Class for some or all of the hours they worked.

78.     Defendants knowingly and willfully violated Plaintiff's and similarly-situated Class Members' rights by failing to pay them minimum wages in the lawful amount for hours worked.

79.     After April 9, 2011, under the New York Wage Theft Prevention Act 2009 N.Y. S.N. 8380, an employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to one hundred percent (100%) of the shortfall plus interest.

**COUNT III.**
**[Violations of the Fair Labor Standards Act—Nonpayment of Overtime**
**Brought on behalf of the Plaintiff and the FLSA Collective]**

80.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

81.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for such employment at a rate not less than one and one-half times (1.5x) the regular rate at which he is employed, or one and one-half times (1.5x) the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

82.     Defendants' failure to pay Plaintiff and the FLSA Collective overtime violated the FLSA.

83.     At all relevant times, Defendants had, and continue to have, a policy and practice of refusing to pay overtime at the statutory rate to Plaintiff and the Collective Action Members for all hours worked in excess of forty (40) per workweek, which violated and continues to violate the FLSA, 29 U.S.C §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

84.     The FLSA and supporting regulations require employers to notify employees of the requirements of the employment law. 29 C.F.R. § 516.4.

85.     Defendants willfully failed to notify Plaintiff and the FLSA Collective of the requirements of their employment laws in order to facilitate their exploitation of Plaintiff's and the FLSA Collective Members' labor.

86.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Collective Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known that failing to do so would financially injure Plaintiff and the Collective.

**COUNT IV.**
**[Violations of the New York Labor Law—Nonpayment of Overtime**
**Brought on behalf of the Plaintiff and the Rule 23 Class]**

87.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

88.    After April 9, 2011, under the New York Wage Theft Prevention Act 2009 N.Y. S.N. 8380, an employer who fails to pay overtime shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to one hundred percent (100%) of the shortfall plus interest.

89.    At all relevant times, Defendants had a policy and practice of refusing to pay overtime at one and one-half times (1.5x) Plaintiff's and the Class Members' regular hourly rate or the minimum wage, whichever is greater.

90.    Defendants' failure to pay overtime violated the NYLL.

91.    Defendants' failure to pay overtime was not in good faith.

**COUNT V.**
**[Violations of the New York Labor Law—Failure to Keep Records**
**Brought on behalf of the Plaintiff and the Rule 23 Class]**

92.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

93.    Defendants willfully failed to maintain, establish, and preserve Plaintiff's weekly payroll records for a period of not less than six years, as required by 12 N.Y.C.R.R. § 146-2.1.

94.    As a result of Defendants' unlawful conduct, Plaintiff have sustained damages including loss of earnings, in an amount to be established at trial, liquidated damages, prejudgment interest, costs, and attorneys' fees, pursuant to state law.

95.    Defendants failed to maintain adequate written records of actual hours worked and wages earned by Plaintiff in order to facilitate their exploitation of Plaintiff's labor.

96.     Defendants' failure to maintain adequate and accurate written records of actual hours worked and wages earned by Plaintiff was not in good faith.

## COUNT VI.
**[Violations of the New York Labor Law—Failure to Provide Time of Hire Wage Notice Brought on behalf of the Plaintiff and the Rule 23 Class]**

97.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

98.     NYLL § 195-1(a) requires employers to provide written notice of: the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances clamed, if any, as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer, the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer.

99.     Defendants willfully failed to provide notice to employees in violation of NYLL § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle, and rate of overtime on his or his first day of employment.

100.    Defendants not only did not provide notice to each employee at time of hire, but failed to provide notice even after the fact.

101.    Due to Defendants' violations of NYLL, Plaintiff is entitled to recover from Defendants, jointly and severally, fifty dollars ($50.00) for each workday that the violation occurred or continued to occur, up to five thousand dollars ($5,000.00) for each Plaintiff, together with costs and attorneys' fees pursuant to NYLL § 198(1-b).

## COUNT VII.
### [Violations of the New York Labor Law—Failure to Provide Pay Stub
### Brought on behalf of the Plaintiff and the Rule 23 Class]

102.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

103.    NYLL § 195-1(d) requires employers to provide detailed paystub information to employees every payday.

104.    Defendants have failed to make a good faith effort to comply with the NYLL with respect to the compensation of each Plaintiff, and did not provide paystubs on or after each Plaintiff's payday.

105.    Due to Defendants' violations of NYLL, Plaintiff is entitled to recover from Defendants, jointly and severally, two hundred fifty dollars ($250.00) for each workday that the violation occurred or continued to occur, up to five thousand dollars ($5,000.00) for each Plaintiff, together with costs and attorneys' fees pursuant to NYLL § 198(1-d).

## COUNT VIII.
### [Breach of Implied Contract for Reimbursement of all Costs and Expenses of Vehicles,
### including Depreciation, Insurance, Maintenance, and Repairs
### Brought on behalf of the Plaintiff and the Rule 23 Class]

106.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

107.    Throughout the relevant period, Defendants required their delivery personnel to bear all of the "out-of-pocket" costs associated with their delivery vehicles, including the purchase, maintenance, and repair of the delivery vehicles.

108.    Based on his personal experience and available information, Plaintiff can document actual "out-of-pocket" vehicle related expenses of his delivery vehicle.

109.    The conduct of Defendants, and the course of Defendant's conduct between the parties,

evidenced an intent for Plaintiff to maintain his delivery vehicle in working condition.

110.    Plaintiff purchased, maintained, and repaired the vehicle at his own expense.

111.    Plaintiff performed deliveries for the sole benefit of the Defendants.

112.    Defendants neither explicitly nor implicitly requested Plaintiff to cease the maintenance of his vehicle.

113.    As a result of the afore-alleged conduct of the parties, an implied contract arose between them the terms of which are that Plaintiff would incur the expenses for vehicle purchases and maintenance, in exchange for compensation from Defendants for such expenses.

114.    Defendants never compensated Plaintiff for any expenses incurred from the purchase and maintenance of the vehicles. As a result, Defendants breached the implied contract by failing and refusing to pay Plaintiff a reasonable sum under the afore-alleged facts.

115.    Defendants owe Plaintiff their overdue costs of vehicles and their repair and maintenance.

## COUNT IX.
**[Violations of the Internal Revenue Code—Fraudulent Filing of IRS Returns Brought on behalf of the Plaintiff]**

116.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

117.    26 U.S.C. § 7434 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bright a civil action for damages against the person so filing such a return.

118.    Due to Defendants' violations of 26 U.S.C. § 7434, Plaintiff is entitled to recover from Defendants, jointly and severally: (1) any actual damages sustained by the Plaintiff as a proximate result of the filing of the fraudulent information return (including any costs

attributable to resolving deficiencies asserted as a result of such a filing), (2) the cost of the action, and (3) in the court's discretion, reasonable attorney's fees.

## COUNT X.
### [Violations of the New York General Business Law—Deceptive Acts and Practices Brought on behalf of the Plaintiff]

119.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

120.    New York's General Business Law ("NYGBL") § 349 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

121.    Due to Defendants' violations of NYGBL, Plaintiff is entitled to recover from Defendants, jointly and severally, their actual damages or fifty dollars ($50.00), whichever is greater.

122.    Plaintiff demand the right to examine, in person or by attorney, the minutes of the proceedings of the shareholders and records of shareholders of Corporate Defendant to recover wages owed as employees of the Corporate Defendant.

## PRAYER FOR RELIEF

123.    WHEREFORE, Plaintiff, on his own behalf, and on the behalf of the FLSA Collective and Rule 23 Class, respectfully request that this Court enter a judgment providing the following relief:

      a.    Certification of this case as a collective action pursuant to FLSA;

      b.    Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in Collective, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing

individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action members;

c.        A declaratory judgment that the practices complained of herein are unlawful under FLSA and NYLL;

d.        An injunction against Corporate Defendants, their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices and policies set forth herein;

e.        An award of compensatory damages equal to the unpaid minimum wage, overtime, and spread of hours due to Plaintiff and the Collective under FLSA, and to Plaintiff and the Class under the NYLL, plus punitive and/or liquidated damages equal to compensatory damages under the New York Wage Theft Prevention Act for Defendants' willful failure to pay minimum wage, overtime, and spread of hours;

f.        Up to five thousand dollars ($5,000.00) per Plaintiff for Defendants' failure to provide a Time of Hire notice detailing rates of pay and payday;

g.        Up to five thousand dollars ($5,000.00) per Plaintiff for Defendants' failure to provide paystubs that list employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

h.        Reimbursement of reasonable out-of-pocket costs sustained by Plaintiff and similarly situated deliverymen in the purchase, maintenance, and repair of their delivery vehicles in direct service of Defendants;

i.      An award of costs and expenses of this action together with reasonable attorneys'

fees and expert fees pursuant to 29 U.S.C. § 216(b) and NYLL §§ 198 and 663;

j.      The costs and disbursements of this action;

k.      An award of prejudgment and post-judgment interest;

l.      Providing that if any amounts remain unpaid upon the expiration of ninety (90)

days following the issuance of judgment, or ninety (90) days after expiration of the time

to appeal with no appeal then pending, whichever is later, the total amount of judgment

shall automatically increase by fifteen percent (15%), as required by NYLL § 198(4).

m.      Such other and further legal and equitable relief as this Court deems necessary,

just, and proper.

Dated: January 29, 2018                    TROY LAW, PLLC
       Flushing, NY                        *Attorneys for the Plaintiff, proposed FLSA*
                                           *Collective and potential Rule 23 Class*


                                            /s/ John Troy
                                           John Troy (JT 0481)
                                           41-25 Kissena Boulevard, Suite 119
                                           Flushing, NY 11355
                                           Tel (718) 762-1324
                                           johntroy@troypllc.com