**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

TINGYAO LIN,                                         :
                                                     :
                                                     :
                         Plaintiff,                  :          18-CV-0528 (GBD) (OTW)
                                                     :
            -against-                                :          **ORDER**
                                                     :
YURI SUSHI INC., et al.,                             :
                                                     :
                                                     :
                        Defendants.                  :
                                                     :
-------------------------------------------------------------x

       **ONA T. WANG, United States Magistrate Judge:**

       On September 12, 2020, the *pro se* Defendant Sophia Lian submitted an application for

appointment of counsel. (ECF 76). In determining whether to grant an application for counsel,

the Court must consider "the merits of [a party's] case, the [party's] ability to pay for private

counsel, his efforts to obtain a lawyer, the availability of counsel, and the [party's] ability to

gather the facts and deal with the issues if unassisted by counsel." *Cooper v. A. Sargenti Co.,*

*Inc.*, 877 F.2d 170, 172 (2d Cir. 1989) (per curiam).  As a threshold matter, in order to qualify for

appointment of counsel a party must demonstrate that her claim or defense has substance or a

likelihood of success.  *See Hodge v. Police Officers*, 802 F.2d 58, 60-61 (2d Cir. 1986); *Principal*

*Life Ins. Co. v. Brand*, No. 15-cv-4803 (JS) (AKT), 2016 WL 11556547, at *1 (E.D.N.Y. Apr. 15,

2016).  In reviewing a request for appointment of counsel, the Court must be cognizant of the

fact that volunteer attorney time is a precious commodity and, thus, should not grant

appointment of counsel indiscriminately.  *Cooper*, 877 F.2d at 172.  Appointment of counsel

may not be warranted if the party's chances of success with his claims or defenses are slight.

*Cooper*, 877 F.2d at 172; *Hodge,* 802 F.2d at 60.

A more fully developed record will be necessary before it can be determined whether

Defendant's chances of success warrant the appointment of counsel.  Further, appointment of

counsel does not guarantee that a party will obtain *pro bono* counsel.  Accordingly, it is hereby

**ORDERED** that Ms. Lian's application for the appointment of counsel (ECF 76) is **denied without**

**prejudice** to renewal at such time as the existence of a potentially meritorious defense may be

demonstrated.

The Clerk of Court is directed to mail a copy of this Order to Defendants at:

Yuri Sushi
374 West 46th Street
New York, NY 10036.


**SO ORDERED.**



*s/ Ona T. Wang*

Dated: September 30, 2020                                                **Ona T. Wang**
          New York, New York                               United States Magistrate Judge