UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------- x

TINGYAO LIN, *on behalf of himself and others similarly situated*, and TINGJIA XIE,

                                 Plaintiffs,

                        -against-

YURI SUSHI INC *d/b/a* YURI SUSHI, SOPHIA LIAN, LING TAO LIAN, YURI SUSHI HOUSE, LLC *d/b/a* YURI SUSHI, and YIXIANG CAO,

                                 Defendants.

------------------------------------------- x

MEMORANDUM DECISION AND ORDER

18 Civ. 528 (GBD) (OTW)

GEORGE B. DANIELS, United States District Judge:

Plaintiffs Tingyao Lin and Tingjia Xie bring this action against Defendants Yuri Sushi Inc (d/b/a Yuri Sushi), Sophia Lian ("Ms. Lian"), Ling Tao Lian ("Mr. Lian"), Yuri Sushi House, LLC (d/b/a Yuri Sushi), and Yixiang Cao, alleging that Defendants violated the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), N.Y. Lab. Law §§ 190 *et seq.*, 650 *et seq.* (*See* First. Am. Compl., ECF No. 100.) On August 5, 2022, two of the defendants, Ms. Lian and her brother, Mr. Lian, (hereinafter "Defendants"[1]), proceeding *pro se*, moved for summary judgment, asking this Court to find that neither Ms. Lian nor Mr. Lian were Plaintiffs' employers under the FLSA or the NYLL. (Letter ("Mot. Summ. J."), ECF No. 171.) Before this Court is Magistrate Judge Ona T. Wang's November 15, 2023 Report and Recommendation ("Report") recommending that Defendants' Motion for Summary Judgment be denied as to Ms. Lian and granted as to Mr. Lian. (Report, ECF

---

[1] The other defendants in this case, Yuri Sushi and Yixiang Cao, have not appeared. (R. & R. ("Report"), ECF No. 191, at 1 n.1.) "Questions . . . remain about whether [they] were properly served by Plaintiffs . . . ." (*Id.*) As a result, these defendants either have not been served or are in default. (*Id.*)

1

No. 191, at 1.) Defendant Sophia Lian filed timely objections ("Ms. Lian's Objections") to the Report.[2] (Letter ("Objs."), ECF No. 192.) Having reviewed the objected-to portions of the Report *de novo* and the remainder of the Report for clear error, this Court ADOPTS the Report in full. Defendants' Motion for Summary Judgment is DENIED as to Ms. Lian and GRANTED as to Mr. Lian.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs were both employed at Yuri Sushi as deliverymen. (First Am. Compl. ¶¶ 9–10.) Plaintiff Tingyao Lin worked at Yuri Sushi from approximately June 30, 2015, to December 31, 2017, and Plaintiff Tingjia Xie worked at Yuri Sushi from approximately May 1, 2015, to January 5, 2018. (Mot. Summ. J. at 2; First Am. Compl. ¶ 10; *see* Report at 2.) Defendants began working at Yuri Sushi in the summer of 2016. (Mot. Summ. J. at 2; Lin Dep. Tr. ("Lin Dep."), ECF No. 188-6, 39:10–21.) Plaintiffs allege, *inter alia*, that they did not receive sufficient minimum wage and overtime compensation throughout their employment at Yuri Sushi in violation of the FLSA and the NYLL. (Report at 2; First Am. Compl. ¶¶ 1–6.)

Discovery in this case closed in 2019. (Report at 1.) Defendants' prior counsel sought permission to file a motion for summary judgment on behalf of Mr. Lian in January 2020 and was provided a schedule to do so. (*Id.*) However, he withdrew from the case before filing the motion. (*Id.*) Defendants instead filed the instant Motion for Summary Judgment *pro se*, "relying principally on Plaintiffs' sworn statements at their respective depositions." (*Id.*) The transcripts from the depositions of Plaintiffs and Defendants have been filed on the docket. (Sophia Lian

---

[2] Ms. Lian, proceeding *pro se*, has not explicitly identified this filing as objections to the Report. (*See* Letter ("Objs."), ECF No. 192.) However, "the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (emphasis omitted) (citations and internal quotation marks omitted). Because Ms. Lian's filing responds to the Report's findings related to her role at Yuri Sushi, this Court construes it as objections to the Report. (*See* Objs. ¶¶ 1–11.)

2

Dep. Tr. ("Ms. Lian Dep."), ECF No. 143-1; Ling Tao Lian Dep. Tr., ECF No. 143-2; Lin Dep.; Xie Dep. Tr. ("Xie Dep."), ECF No. 188-7.)

## II. LEGAL STANDARDS

### A. Review of a Magistrate Judge's Report and Recommendation

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations" made within a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* Portions of a magistrate judge's report to which no or "merely perfunctory" objections have been made are reviewed for clear error. *Edwards v. Fischer,* 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition. The clear error standard also applies if a party's "objections are improper—because they are conclusory, general, or simply rehash or reiterate the original briefs to the magistrate judge." *Stone v. Comm'r of Soc. Sec.,* No. 17-CV-569 (RJS) (KNF), 2018 WL 1581993, at *3 (S.D.N.Y. Mar. 27, 2018) (citation and internal quotation marks omitted). Clear error is present when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *Brown v. Cunningham,* No. 14-CV-3515 (VEC) (MHD), 2015 WL 3536615, at *4 (S.D.N.Y. June 4, 2015) (quoting *United States v. Snow,* 462 F.3d 55, 72 (2d Cir. 2006)).

### B. Motion for Summary Judgment

To prevail on a motion for summary judgment, the movant must "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material "if it 'might affect the outcome of the suit under the governing law.'" *See Roe v. City of Waterbury,* 542 F.3d 31, 35 (2d Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). A dispute of fact is genuine "if 'the evidence is

such that a reasonable jury could return a verdict for the nonmoving party.'" *See Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 113 (2d Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). The movant bears the initial burden of demonstrating the absence of a dispute of material fact. *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008).

If the movant meets its initial burden, "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008). "[A] party may not rely on mere speculation or conjecture as to the true nature of the facts . . . ," and "conclusory allegations or denials . . . cannot by themselves create a genuine issue of material fact where none would otherwise exist." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (citation omitted). In assessing whether there is a genuine issue of material fact, the Court must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (citing *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003)).

In addition, Local Rule 56.1 states that a motion for summary judgment shall be accompanied by "a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried." Local Rule 56.1(a). The rule states that "[f]ailure to submit such a statement *may* constitute grounds for denial of the motion." *Id.* (emphasis added). The Second Circuit has explained that district courts have discretion "to determine whether to overlook" a party's failure to file a Rule 56.1 statement. *See Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001), *abrogated in part on other grounds by Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009). "[W]hile a court 'is not required to consider what the parties fail to point out' in their Local Rule 56.1 statements, it may in its

4

discretion opt to 'conduct an assiduous review of the record' even where one of the parties has failed to file such a statement," and decide the motion on the merits. *Id.* (quoting *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 292 (2d Cir. 2000) (internal citations and quotation marks omitted)). Furthermore, in the case of a *pro se* movant, the movant's submissions, as with any *pro se* submissions, "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *See Triestman*, 470 F.3d at 474 (emphasis omitted) (citations and internal quotation marks omitted).

### III. THE REPORT IS ADOPTED IN ITS ENTIRETY

As an initial matter, this Court adopts the Report's recommendation to decide Defendants' Motion for Summary Judgment on the merits. (Report at 3–4.) A district court has discretion in deciding whether to overlook a party's failure to file a Rule 56.1 statement. *See supra* Section II.B. Although Defendants did not file a Rule 56.1 statement with the requisite citations to the record, they "reiterated" statements from their former counsel that did refer to the record. (Report at 4.) For example, Defendants' Motion for Summary Judgment makes many of the same claims as former defense counsel outlined in his request for permission to move for summary judgment on behalf of Mr. Lian, which included extensive citations to the record. (*See* Letter Requesting Permission to Move for Summ. J., ECF No. 56.) Furthermore, while Plaintiffs argued in their opposition to Defendants' Motion for Summary Judgment that it should be denied for failure to file a Rule 56.1 statement (*See* Pls.' Mem. Law in Opp'n, ECF No. 174, at 3–5), Plaintiffs do not object to the Report, which rejected their argument. (Report at 4.) Therefore, in order to construe *pro se* Defendants' Motion liberally, *see supra* Section II.B., as well as for the reasons stated in the Report (*see* Report at 3–4), this Court elects to rely on the entire record in this case to decide Defendants' Motion for Summary Judgment on the merits.

5

Turning to the merits, Defendants ask this Court to find that the undisputed facts show that they were not Plaintiffs' employers under the FLSA or the NYLL. Under the Second Circuit's "economic reality" test, courts consider four factors to determine whether an individual is an employer under the FLSA and the NYLL. *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) (citing *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984)); *see also Vazquez v. Wally's Deli & Grocery Corp.*, 482 F. Supp. 3d 178, 184–85 (S.D.N.Y. 2020) (explaining that the NYLL mirrors the FLSA for purposes of establishing an employer-employee relationship), *order set aside on other grounds*, No. 19-CV-6797 (RA), 2021 WL 4124948 (S.D.N.Y. Sept. 9, 2021). The four factors are "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Carter*, 735 F.2d at 12 (citation omitted). However, while "a positive finding on those four factors" can be sufficient, it "is [not] *necessary* to establish an employment relationship." (Report at 5 (quoting *Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61, 69 (2d Cir. 2003)).) Courts should also consider whether the alleged employer exercised "functional control over workers." *Zheng*, 355 F.3d at 72.

### A. Defendants' Motion for Summary Judgment is Denied as to Ms. Lian

There remain genuine issues of material fact as to whether Ms. Lian was Plaintiffs' employer. (Report at 5.) While Ms. Lian did not hire Plaintiffs, as she had not yet started working at Yuri Sushi when they were hired, she stated in her deposition that she hired and fired other employees. (*Id.* at 5–6 (citing Lin Dep. at 37, 42–43; Xie Dep. at 32–33; Ms. Lian Dep. at 13, 28–29).) She also set and kept records of the pay and hours of the employees she hired. (*Id.* at 6 (citing Ms. Lian Dep. at 31–32).) Ms. Lian claims, however, that Yixiang Cao[3] was her boss and

---

[3] Yixiang Cao is a defendant in this case but has not appeared. *See supra* n. 1.

6

that Cao set the schedule and method of payment for delivery workers. (Objs. ¶¶ 3–4; Mot. Summ. J. at 2–3.)

As to control of Plaintiffs' "conditions of employment," *Carter*, 735 F.2d at 12, Plaintiff Lin testified that when the restaurant was busy, "he was directed by Ms. Lian to help the sushi chefs (including Mr. Lian) put the ginger and wasabi into small cups" instead of taking breaks between deliveries. (Report at 6 (citing Lin Dep. at 129–32).) Regarding ownership, Ms. Lian testified that Cao owns Yuri Sushi, Inc. and claims he is the sole owner and operator. (Ms. Lian Dep. at 14:4–21; Objs. ¶ 3.) Plaintiff Lin, on the other hand, testified that Ms. Lian purchased Yuri Sushi in 2016. (Lin Dep. at 38:9–39:21, 41:11–42:15.)

At this stage, the undisputed facts do not support a finding that Ms. Lian was not Plaintiffs' employer. Certain facts at this stage weigh in favor of a finding that Ms. Lian was Plaintiffs' employer, and a genuine dispute exists as to several key facts. As a result, Defendants' Motion for Summary Judgment is DENIED as to Ms. Lian.

**B. Defendants' Motion for Summary Judgment is Granted as to Mr. Lian**

There is no dispute of any material fact related to Mr. Lian's status as an employer. As stated in the Report, Plaintiffs do not point to any evidence in the record indicating that Mr. Lian was Plaintiffs' employer. (Report at 7 (citing Pls.' Mem. Law in Opp'n; Pls.' Rule 56.1 Statement, ECF No. 175).) Furthermore, "[a]ll four deponents' sworn statements are consistent in that Mr. Lian had minimal, if any, interaction at all with Plaintiffs, let alone interactions where he acted as an employer or supervisor." (*Id.*; *see also id.* at 7–9 (detailing the references to Mr. Lian in the depositions).) There are also no objections to any of the Report's findings related to Mr. Lian. As a result, Defendants' Motion for Summary Judgment is GRANTED as to Mr. Lian.

## IV. CONCLUSION

Magistrate Judge Wang's Report is ADOPTED in its entirety. Ms. Lian's Objections are OVERRULED. Defendants' Motion for Summary Judgment is DENIED as to Sophia Lian and GRANTED as to Ling Tao Lian.

Dated: March 20, 2024
       New York, New York

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge