UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Tingyao Lin,<br><br>                              Plaintiff(s),<br><br>        -against-<br><br>Yuri Sushi, Inc.,<br><br>                              Defendant(s). | 18-cv-00528 (GBD) (OTW)<br><br>**ORDER GRANTING<br>PRO BONO COUNSEL** |

George B. Daniels, United States District Judge:

The Court directs that the Clerk of Court seek pro bono counsel to enter a limited appearance for the purposes of pretrial preparation and advocacy at trial in the above-captioned action for the benefit of Defendant Sophia Lian. Counsel will file a Notice of Limited Appearance as Pro Bono Counsel.

## LEGAL STANDARD

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek *pro bono* representation for a civil litigant. *Id.* Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of *pro bono* counsel sparingly, and with reference to public benefit, in order

to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit Court of Appeals set forth the factors a court should consider in deciding whether to grant a litigant's request for *pro bono* counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

**DISCUSSION**

Defendant filed a Request to Proceed *in Forma Pauperis* (IFP), which the Court granted. (*See* Order dated September 25, 2024, ECF No. 211.) Defendant therefore qualifies as indigent.

In the complaint, Plaintiff asserts a claim under the Fair Labor Standards Act, the New York Labor Law, and implementing New York Codes, Rules and Regulations, alleging that Defendants failed to pay Plaintiff the wages required under the aforementioned laws and regulations. The Court finds that Plaintiff's claim is "likely to be of substance." *Hodge*, 802 F.2d

61-62. The Court finds that the other *Hodge* factors also weigh in favor of granting Plaintiff's application. A pretrial conference has been scheduled for later this year, and a tentative trial date has been set for January 13, 2025. Plaintiff will need to prepare for trial in the coming months, including by gathering evidence and selecting witnesses. Plaintiff will also need to advocate for his case at trial. In this case, representation would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61.

Given the early stage of the proceedings, the Court will request that counsel appear for the limited purpose of attending any pretrial conferences and preparing for the upcoming trial. In addition, pro bono counsel may engage in settlement discussions. Plaintiff asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. . (First Am. Compl. ("Compl."), ECF No. 100, ¶¶ 1–6.) Specifically, Plaintiffs assert minimum wage, overtime, spread-of-hours, and notice violations, as well as breach of implied contract for Defendants' failure to reimburse Plaintiffs for work-related expenses. (*See id.*)

Defendant Sophia Lian was an employee of Defendant Yuri Sushi, and Plaintiffs claim she served as their employer as defined under the FLSA and NYLL. (*See* Mem. Decision and Order, ECF No. 195, at 6–7.) Sophia Lian disputes that she was Plaintiffs' employer and contends that she acted at the direction of her boss, Defendant Yixiang Cao, who was the sole owner and operator of Yuri Sushi. (*Id.*) Yixiang Cao has not appeared in this case. (*Id.* at 6 n.3.)

Sophia Lian was previously represented by counsel, but her attorneys withdrew in 2020, citing a breakdown in cooperation and communication. (Decl. of Michael Brand, ECF No. 65, ¶¶ 3–4.) Lian claimed that she did cooperate with her attorneys but that they withdrew because she could no longer afford to pay them. (*See* Letter from Sophia Lian and Ling Tao Lian, ECF No. 92, at 1.) This Court thereafter denied Sophia Lian's *pro se* summary judgment motion,

3

finding that there was a genuine dispute of material fact as to whether she was Plaintiffs' employer. (Mem. Decision and Order at 6–7.) Plaintiffs now intend to proceed to trial against Sophia Lian but have also filed a motion for default judgment against Defendants Yixiang Cao, Yuri Sushi Inc., d/b/a Yuri Sushi, and Yuri Sushi House, LLC. (Mot. for Default J., ECF No. 198.) This Court ordered Sophia Lian and Plaintiffs to submit a joint pretrial order by November 15, 2024, and the next pretrial conference is scheduled for December 11, 2024. (Minute Entry dated Sept. 10, 2024.)

This Court will request that counsel appear for the limited purpose of providing Defendant Sophia Lian with assistance leading up to and during trial, including assistance with drafting the joint pretrial order. Sophia Lian requires a Mandarin interpreter.

Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-0078), pro bono counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of Defendant's case. The Pro Bono Fund is especially intended for attorneys for whom pro bono service is a financial hardship. *See* https://nysd.uscourts.gov/forms/pro-bono-fund-order.

Pro bono counsel will not be obligated for any aspect of Defendant's representation beyond the matters described in this order. In particular, pro bono counsel will not be required to respond to a dispositive motion. In the event that the defendant(s) file(s) a dispositive motion, pro bono counsel may seek appropriate relief, including an extension of Defendant's time to respond, or an expansion of pro bono counsel's role to include responding to the motion. Absent an expansion of the scope of pro bono counsel's representation, pro bono counsel's representation of Defendant will end upon completion of discovery.

Upon the filing by pro bono counsel of a Notice of Completion, the representation by pro bono counsel of Defendant in this matter will terminate, and pro bono counsel will have no further obligations or responsibilities to Defendant or to the Court in this matter.

## CONCLUSION

For the foregoing reasons, the Clerk of Court is directed to attempt to locate pro bono counsel to represent Defendant for the limited purposes described above. This Court advises Defendant that there are no funds to retain counsel in civil cases and this Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Defendant. If an attorney volunteers, the attorney will contact Defendant directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and Defendant should be prepared to proceed with the case without an attorney.

This Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: 9/30/2024
New York, New York

_____
George B. Daniels
United States District Judge