UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x

TINGYAO LIN, TINGJIA XIE,

         Plaintiffs,

-against-

YURI SUSHI, INC., d/b/a/ "Yuri Sushi," YURI
SUSHI HOUSE, LLC, LLC, d/b/a/ "Yuri Sushi,"
YIXIANG CAO, SOPHIA LIAN,

         Defendants.

------------------------------------- x

MEMORANDUM DECISION
AND ORDER

18 Civ. 00528 (GBD) (OTW)

GEORGE B. DANIELS, United States District Judge:

  This Court assumes familiarity with the factual background of this case. Plaintiffs Tingyao Lin and Tingjia Xie ("Plaintiffs") brought this action against Yuri Sushi, Inc., Sophia Lian ("Lian"), and Ling Tao Lian, alleging violations of the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), and implementing New York Codes, Rules, and Regulations ("NYCRR"). After filing the First Amended Complaint ("FAC"), which added Yixiang Cao ("Cao") and Yuri Sushi House, LLC, as defendants, Plaintiffs attempted service on all defendants. Plaintiffs now moves for default judgment and attorneys' fees against the Yuri Sushi defendants and Cao. (Mot. for Default J., ECF No. 198; Mot. for Attys' Fees, ECF No. 201).

  Before this Court is Magistrate Judge Wang's February 17, 2025 Report and Recommendation, (the "Report," ECF No. 230), recommending that this Court grant Plaintiffs' motions in part and deny them in part. (Report at 1.) In her Report, Magistrate Judge Wang advised the parties that failure to file timely objections would constitute waiver of those objections on appeal. (*Id.* at 14.) No party filed objections. Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report.

1

## I. BACKGROUND[1]

Plaintiffs first filed their initial complaint on January 29, 2018. (Compl., ECF No. 1.) They filed affidavits of service for Yuri Sushi, Inc., Lian, and Ling Tao Lian on March 18, 2018; an attorney then appeared on behalf of all three defendants. (Report at 2.) After nearly two years, defense counsel withdrew from the case on August 20, 2020. (Order Granting Mot. to Withdraw, ECF No. 66.) In her Order, Magistrate Judge Wang reminded Yuri Sushi, Inc. that "it cannot proceed *pro se* or it will be at risk of default." (*Id.*)

Plaintiffs then filed the FAC on August 10, 2021, adding Yuri Sushi House, LLC and Cao as defendants. (FAC, ECF No. 100.) Plaintiffs then filed certificates of service of the FAC for all defendants on November 3, 2021. (Report at 2.) On December 17, 2021, the Clerk of the Court issued Certificates of Default as to Yuri Sushi House, LLC and Cao. (Clerk's Cert. of Default, ECF Nos. 127, 128.) On March 20, 2024, this Court granted summary judgment in favor of Ling Tao Lian. (Mem. Decision and Order, ECF No. 195.) On May 31, 2024 and June 1, 2024, Plaintiffs filed their Motion for Default Judgment and Motion for Attorneys' Fees, respectively. (Mot. for Default J.; Mot. for Attys' Fees.) Plaintiffs have filed various letters with the Magistrate Court explaining why its service was proper as to Yuri Sushi Inc., Yuri Sushi House, LLC, and Cao. (Report at 3; Responses to Order to Show Cause, ECF Nos. 137, 229.)

## II. LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth within a magistrate judge's report. 28 U.S.C. § 636(b)(1). The Court must review *de novo* the portions of a magistrate judge's report to which a party properly objects.

---

[1] The factual and procedural background of this case has been discussed at length in the Report. Besides any distinctions made in this Decision, this Court appropriately incorporates such background by reference.

*Id.* Portions of a magistrate judge's report to which no or merely perfunctory objections have been made are reviewed for clear error. *See Edwards v. Fischer,* 414 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2006). Clear error is present only when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *Brown v. Cunningham*, No. 14-CV-3515, 2015 WL 3536615, at *4 (S.D.N.Y. June 4, 2015) (internal citations omitted).

Default occurs "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Once default has been entered against a defendant, then, "upon application of the party entitled to a judgment by default, the Court may proceed to enter a default judgment against the defaulting party." Fed. R. Civ. P. 55(b). A court may not enter default judgment against a defendant who has not been properly served because the court lacks personal jurisdiction over those not properly served. *Vargas v. Dipilato*, No. 21-CV-3884, 2023 WL 6122937, at *2 (S.D.N.Y. Sept. 18, 2023). Generally, a plaintiff does not need to serve an amended complaint on a party who has already been certified in default for failing to appear; however, if the amended complaint asserts a new claim for relief, additional service is required. Fed. R. Civ. P. 5(a)(2); *DeCurtis v. Upward Bound Intern., Inc.*, 09-CV-5378, 2012 WL 4561127, at *5 (S.D.N.Y. Sept. 27, 2012).

### III. SERVICE WAS PROPER AS TO CAO ONLY

#### A. Service on Yuri Sushi, Inc. Was Improper

Proper service on a corporation requires service "in the manner prescribed by Rule 4(e)(1) for serving an individual" or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1). In this Circuit,

"managing agent" means a person with the authority to make executive decisions on behalf of the business, such as an officer or director, rather than simply a manager of day-to-day activities at the business. *See, e.g., Cooney v. Barry Sch. of Law*, 994 F. Supp. 2d 268, 270 (E.D.N.Y. 2014).

New York state law permits service "upon any domestic or foreign corporation, to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." N.Y. CPLR § 311. State law employs a similar definition of "managing agent" in this context: someone "who has been invested by the corporation with general powers involving the exercise of judgment and discretion and not as an employee who acts in an inferior capacity and under the direction and control of superior authority." *Nationwide Mut. Ins. Co. v. Kaufman*, 896 F. Supp. 104, 108 (E.D.N.Y. 1995) (internal quotations omitted). Process servers are permitted to rely on the business's employees to identify those individuals who are authorized to accept service. *Old Rep. Ins. Co. v. Pacific Fin. Servs. of Am., Inc.*, 301 F.3d 54, 57 (2d Cir. 2002).

While Plaintiffs are entitled to a presumption of proper service if they file an affidavit of service, that presumption does not apply if the affidavit is "too conclusory or contains insufficient facts upon which a presumption of correct service could be based." *Tactical, Scrapefix and Deer Management Systems LLC*, 22-CV-6092, 2023 WL 5210974, at *2 (S.D.N.Y. Aug. 14, 2023).

Plaintiffs contend that they were not required to serve Yuri Sushi, Inc. with the FAC because they had served Yuri Sushi, Inc. with the initial complaint, and the FAC did not assert a new or substantively different claim for relief. (Resp. to Order to Show Cause, ECF No. 229.) However, that service exception only applies to parties who have already been *certified in default* by the time the FAC is filed. *See DeCurtis*, 2012 WL 4561127, at *5. Here, Plaintiffs did not receive a certificate of default for Yuri Sushi, Inc. until after the FAC was filed. (Report at 7.)

Thus, the exception does not apply, and Plaintiffs were required to serve the FAC on that defendant.

Next, Plaintiffs represent that they served Yuri Sushi, Inc. by "delivery to Lin Doe at Yuri Sushi Inc.'s actual place of business . . .and by mailing a copy of [the] same to Yuri Sushi Inc.'s actual place of business within twenty days." (Resp. to Order to Show Cause, ECF No. 229.) Lin Doe has since been identified as *pro se* defendant Sophia Lian. (Report at 7.) Plaintiffs believed that Lian was a "managing agent" of Yuri Sushi, Inc. because she had some authority to hire and fire employees and set pay and hours; she was also involved in food preparation and answering the phone. (*Id.*) This belief was based on Magistrate Judge Wang's November 15, 2023 R&R, recommending against summary judgment as to Lian. (*Id.*; *see* Report and Recommendation, ECF No. 191.)

That R&R, however, concerned whether Lian is an "employer" under the FLSA—a completely different inquiry from whether she is a "managing or general agent" under Rule 4(h). (Report and Recommendation, ECF No. 191, at 6; Report at 8.) The evidence presented to the Magistrate Court at that time also suggests that Lian is not a managing or general agent of Yuri Sushi, Inc.: she has never been a shareholder, she was unfamiliar with the restaurant's accountant, and she was in charge of the restaurant only when the owner was not present. (Report at 8.) As Magistrate Judge Wang notes, this evidence "suggests, at best, that Lian was a day-to-day manager of the business under the direction and control of Cao, not one with sufficient authority to accept service on behalf of the business as required under Rule 4(h)(1)(B)." (*Id.*) There is also no indication that the process server was told or otherwise relied upon an employee's representation that Lian was authorized to accept service on behalf of Yuri Sushi, Inc. (*Id.* at 8–9.) Given that Plaintiffs were aware of the evidence Judge Wang considered in her 2023 R&R, and their affidavit

5

of service does not contain any facts suggesting that "Lin Doe" was authorized to accept service on behalf of Yuri Sushi, Inc., Plaintiffs are not entitled to the presumption of proper service.

The same facts and analysis apply under state law: Plaintiffs were aware that Lian was not established to be a "managing or general agent" of Yuri Sushi, Inc., and presented no further evidence in the affidavit of service that would render service proper. (*Id.* at 10.) Thus, Plaintiffs' affidavit of service with respect to Yuri Sushi, Inc. is too conclusory and contains insufficient facts to support a presumption of proper service. Plaintiffs' motion for default judgment as to Yuri Sushi, Inc. is denied.

### B. Service on Yuri Sushi House, LLC was Improper

Yuri Sushi House, LLC is a limited liability corporation (LLC). (*See* Report at 11.) Under N.Y. CPLR § 311-a, service of process must be made "by delivering a copy personally to (i) any member of the [LLC] in this state, if the management of the [LLC] is vested in its members, (ii) any manager of the [LLC] in this state, if the management of the [LLC] is vested in one or more of its managers, (iii) to any other agent authorized by appointment to receive process, or (iv) to any other person designated by the [LLC] to receive process, in the manner provided by law for service of a summons as if such person was a defendant." N.Y. CLPR § 311-a. "Manager" has a similar meaning as stated above: a "person designated by the members to manage the [LLC] as provided by the operating agreement." N.Y. Ltd. Liab. Co. Law § 102(p).

Plaintiffs' arguments that service on Yuri Sushi House, LLC are nearly identical to his arguments regarding their service on Yuri Sushi, Inc. (Report at 11.) As discussed above, there is no indication that "Lin Doe" was a manager of Yuri Sushi House, LLC or otherwise authorized to accept service. (*Id.*) Thus, the analysis in the previous section applies, and Plaintiffs are also

not entitled to a presumption of proper service on Yuri Sushi House, LLC. Plaintiffs' motion for default judgment as to Yuri Sushi House, LLC is therefore also denied.

### C. Service on Cao Was Proper

Federal Rule of Civil Procedure 4(e) permits service on an individual by: "(A) delivering a copy of the summons and complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; . . . (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process," or following state law. Fed. R. Civ. P. 4(e). New York state law allows service by "delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business." N.Y. CPLR § 308(2).

Plaintiffs represent that service was made to a person of suitable age and discretion at the Yuri Sushi restaurant, Cao's actual place of business. (Report at 12.) Plaintiffs also represent that counsel mailed all items through at least first-class mail as a matter of routine practice. (*Id.*) Given these representations, it is reasonable to infer that service was mailed by first-class mail to Cao; therefore, Plaintiffs are entitled to the presumption of proper service as to Defendant Cao.

### IV. PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT IS GRANTED AS TO CAO ONLY

Based on the above analysis, this Court grants Plaintiffs' motion for default judgment as to Cao only. Plaintiffs filed the FAC on September 19, 2021, which added Cao as a defendant. (FAC.) The Clerk entered a Certificate of Default for Cao's failure to respond to the FAC on December 17, 2021, and Plaintiffs filed this motion for default judgment on May 31, 2024.

(Clerk's Cert. of Default, ECF No. 128; Mot. for Default J.) Cao has failed to appear in this action; thus, Plaintiffs' motion for default judgment is granted as to defendant Cao.

## V. PLAINTIFFS' MOTION FOR ATTORNEYS' FEES IS DENIED

Under Federal Rule of Civil Procedure 54(d)(2)(B), an attorneys' fees motion must be filed within 14 days of the entry of judgment. Fed. R. Civ. P. 54(d)(2)(B). Since judgment has not yet been entered, this motion is premature. (*See* Report at 13.) Thus, Plaintiffs' motion for attorneys' fees is denied without prejudice to renewal after this Court enters final judgment as to Defendant Cao.

## VI. CONCLUSION

Plaintiffs' motion for default judgment is DENIED as to Defendants Yuri Sushi, Inc. and Yuri Sushi House, LLC. Plaintiffs' motion for default judgment is GRANTED as to Defendant Cao. Plaintiffs' motion for attorneys' fees is DENIED without prejudice.

It is hereby ORDERED, ADJUDGED, AND DECREED that Plaintiffs Tingyao Lin and Tingjia Xie have judgment, plus statutory pre- and post-judgment interest, against Defendant Yixiang Cao. This matter is referred to Magistrate Judge Ona T. Wang for an inquest on damages.

The Clerk of the Court is directed to close the motions at ECF Nos. 198 and 201.

Dated: MAR 1 1 2025
New York, New York

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge