# TROY LAW, PLLC
ATTORNEYS / COUNSELORS AT LAW
Tel: (718) 762-1324  troylaw@troypllc.com  Fax: (718) 762-1342
41-25 Kissena Boulevard, Suite 110, Flushing, NY 11355

September 4, 2025

**Via ECF**
Hon. Geroge B. Daniels, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**MOTION DENIED**
*[signature]*
Judge George B. Daniels

SEP 10 2025

Re: **Motion to Reconsider Order Denying Motion for Default as Moot**
*Lin et al v. Yuri Sushi Inc et al.*, No. 18-cv-00528 (GBD) (OTW), (S.D.N.Y.)

Your Honor,

    We represent the Plaintiffs in the above-referenced matter. We write respectfully, pursuant to Local Civil Rule 6.3, to request that the Court reconsider that part of its Order of September 4, 2025 denying as moot Plaintiffs' motion for a default judgment against Yuri Sushi Inc, Yuri Sushi House LLC, and Yixian Cao (the "Motion"). *See* Dkt. No. 262; *see also* Dkt. Nos. 257–259. The Motion addresses issues that were not mooted by the Court's entry of judgment (the "Judgment"), and which the Court overlooked. *See* Dkt. No. 261.

    Further, the docket entry (that is, the text on the CM/ECF sheet's docket sheet, as opposed to the document actually filed to the docket) is self-inconsistent—the portion of the Motion seeking attorney fees and costs is in one sentence "den[ied] as moot," but in another "remains referred to Magistrate Judge Wang." *See* Dkt. No. 262 (docket entry). This inconsistency should be corrected to say that the portion of the Motion seeking attorney ees and costs is *not* denied, as moot or for any other reason.

    The Judgment bases the damages award to Plaintiffs for which Defendant Yixian Cao is jointly and severally liable on the jury's award of damages to Plaintiffs with respect to Defendant Sophia Lian. *See* Dkt. No. 261 (Defendant Lian and Defendant Cao both jointly and severally liable for $42,434.00 to Plaintiff Lin in base damages, and for $52,570.00 to Plaintiff Xie in base damages); *c.f.* Dkt. Nos. 244 (jury finding Defendant Lian liable to Plaintiff Xie for $52,570.00 in actual damages), 245 (jury finding Defendant Lian liable to Plaintiff Lin for $42,434.00 in actual damages). These were damages accrued during the period that Defendant Lian was Plaintiffs' employer—beginning in either July (according to Plaintiffs) or September (according to Defendant Lian; *see also* Trial Ex. 6) 2016. However, Plaintiffs' employments began on June 30, 2015 (*see* Trial Ex. 3), and Defendant Cao is liable for those additional damages as well.

    In addition to the above, the Judgment does not grant judgment to either Plaintiffs against Defendants Yuri Sushi Inc, Yuri Sushi House LLC, or to Defendants Yuri Sushi Inc, Yuri Sushi House LLC against Plaintiffs—it is silent with respect to Defendants Yuri Sushi Inc, Yuri Sushi House LLC. *See* Dkt. No. 261. Nor was judgment entered either in favor of or against these Defendants at any other point. *See, e.g.*, Dkt. No. 233 (denying default judgment with respect to Defendants Yuri Sushi Inc, Yuri Sushi House LLC).

Hon. Geroge B. Daniels, U.S.D.J.
September 4, 2025
*Lin et al v. Yuri Sushi Inc et al.*, No. 18-cv-00528 (GBD) (OTW), (S.D.N.Y.)
Page 2 of 2

  For the foregoing reasons, the Court should reconsider its denial of Plaintiffs' Motion as moot.


We thank the Court for its attention to and consideration of this matter.

                Respectfully submitted,
                TROY LAW, PLLC

                */s/ John Troy*
                John Troy
                *Attorney for Plaintiffs*

cc: via ECF
  all counsel of record
  /asb